**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:07-CR-121 CAS |
| ) | |
| CHARLEY M. HUNT, JR., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's "Motion Pursuant to FRCP Rule 60(b)(4), and not to be construed as a Statutory § 2255 of Title 28."

Defendant moves the Court under Federal Rule of Civil Procedure 60(b)(4) to grant him an evidentiary hearing and find that the criminal judgment against him is void and vacate the same, because "an M-16 Sting weapon which never left the State, cannot be said to have affected Interstate Commerce." Mot. at 1. Defendant also asserts that he was denied the effective assistance of counsel with respect to this issue. Mot. at 2.

Defendant's motion is frivolous because a prisoner may not attack the legality of his conviction through Rule 60(b). Federal Rules of Civil Procedure 1 and 81(a)(2) make it clear that the Federal Rules of Civil Procedure apply only to civil proceedings. The Federal Rules of Civil Procedure, including Rule 60(b), may not be used to relieve a party from operation of a judgment of conviction or sentence in a criminal case. See, e.g., United States v. Eggleston, 24 F. App'x 656 (8th Cir. 2002) (unpublished per curiam) (holding that Rule 60(b) applies only to civil cases); United States v. O'Keefe, 169 F.3d 281, 288 (5th Cir. 1999); United States v. Mosavi, 138 F.3d 1365, 1366

(11th Cir. 1998); see also United States v. Tillberg, No. 98-3616 (8th Cir. Apr. 13, 1999) (unpublished per curiam) (affirming district court's denial of Rule 60(b) motion to vacate a portion of defendant's sentence, citing Mosavi). Consequently, defendant's motion pursuant to Rule 60(b)(4), Fed. R. Civ P., will be denied.

Because defendant has specifically stated he does not wish the instant motion to be construed as a motion pursuant to 28 U.S.C. § 2255, the Court will not so construe it. The Court notes, however, that habeas petitioners may not circumvent the requirements of the Antiterrorism and Effective Death Penalty Act of 1996 through creative titling of their petitions. See United States v. Farley, 971 F. Supp. 184, 185 (E.D. Pa. 1997).

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion pursuant to Rule 60(b)(4), Fed. R. Civ. P., is **DENIED**. [Doc. 286]

　　　　　　　　　　　　　　　　　　　　　　　_/s/ Charles A. Shaw_
　　　　　　　　　　　　　　　　　　　　　　　**CHARLES A. SHAW**
　　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**

Dated this  5th  day of September, 2008.